IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS


DAVID SCHWIND,                    )
                                  )
            Plaintiff,            )
                                  )
vs.                               )    Case No. 08-1281-WEB
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of                   )
Social Security,                  )
                                  )
            Defendant.            )
_____)


                     RECOMMENDATION AND REPORT


    This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits.  The matter has been fully briefed by the parties and has been referred to this court for a recommendation and report.

**I. General legal standards**

    The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the

1

correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

     The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial

gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.   42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not

to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

**II.  History of case**

On September 21, 2006, administrative law judge (ALJ) Edmund C. Werre issued his decision (R. at 13-23).  Plaintiff alleges that he has been disabled since December 10, 1999 (R. at 13). Plaintiff is insured for disability insurance benefits through December 31, 2004 (R. at 15).  At step one, the ALJ determined

that plaintiff has not performed substantial gainful activity since December 10, 1999, the alleged onset date of disability (R. at 15).  At step two, the ALJ found that plaintiff had the following severe impairments: fibromyalgia, a history of ulcerative colitis and diverticulitis, Gilbert's syndrome, and a cognitive disorder (R. at 15).  At step three, the ALJ determined that plaintiff's impairments did not meet or equal a listed impairment (R. at 15).  After determining plaintiff's RFC (R. at 18), the ALJ found at step four that plaintiff was unable to perform past relevant work (R. at 22).  At step five, the ALJ determined that plaintiff could perform other jobs which exist in significant numbers in the national economy (R. at 22-23).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 23).

**III.  Are the ALJ's RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why

the opinion was not adopted.  SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence.  See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination.  Such bare conclusions are beyond meaningful judicial review.  Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan.

2003).

The ALJ found that plaintiff had the RFC to perform work that required no more than the occasional lifting up to 50 pounds, and no more than the frequent lifting or carrying up to 25 pounds. He found that plaintiff could stand/walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. He also found that plaintiff could not be exposed to temperature or humidity extremes, and to no more than simple work tasks (R. at 18).

The only medical opinion evidence that addressed plaintiff's physical limitations was a physical RFC assessment prepared by Dr. Morgan Stockwell, a non-examining medical source (R. at 24, 288-296). In his assessment, dated August 19, 2004, Dr. Stockwell found that plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently (R. at 289).[1] He also opined that plaintiff should avoid concentrated exposure to extreme cold (R. at 292). He did not indicate that plaintiff had any other physical limitations.

The ALJ referenced the state agency assessments, and noted that the RFC determined by the ALJ is different than the assessment prepared by Dr. Stockwell (R. at 21). The ALJ then

---

[1] Dr. Stockwell indicated that plaintiff's activities of daily living are consistent with light work, and stated that there is no evidence that plaintiff was unable to perform at this level in the past years (R. at 290).

7

stated:

> The residual functional capacity determined by the undersigned has considered the record as a whole, including later medical evidence, and is thus based on evidence which was not available to the nonexamining State agency medical consultants.

(R. at 21).

The ALJ found that plaintiff could perform medium work (i.e., lifting/carrying up to 50 pounds occasionally and 25 pounds frequently). 20 C.F.R. § 404.1567(c) (2009 at 393). However, Dr. Stockwell opined that plaintiff was limited to performing light work (i.e., lifting/carrying up to 20 pounds occasionally and 10 pounds frequently). 20 C.F.R. § 404.1567(b) (2009 at 393).[2] According to SSR 96-8p, if the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. However, the ALJ offered no explanation for not adopting Dr. Stockwell's opinion that plaintiff could only lift and carry items consistent with light work. The ALJ stated that he considered evidence, including later medical evidence, which was not available to Dr. Stockwell. However, the ALJ did not cite to any subsequent evidence, medical or otherwise, that indicated that plaintiff

---

[2]Whether plaintiff can perform medium or light work is significant in light of plaintiff's argument that the grids would direct a finding of disabled for a person of plaintiff's age, education, and skill level if plaintiff were limited to light work (Grid rule 202.06, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (2009 at 596), Doc. 12 at 9-10).

could lift more than 20 pounds occasionally and 10 pounds frequently. The ALJ failed to link his finding that plaintiff could lift 50 pounds occasionally and 25 pounds frequently with any evidence in the record.

The ALJ did give "controlling" weight to a treatment note by Dr. Brown[3] on October 19, 1999 that plaintiff "was given a work release" (R. at 21, 190). However, the ALJ did not indicate in his decision that he was relying on this statement by Dr. Brown to discount the opinion of Dr. Stockwell regarding plaintiff's limitations in lifting and carrying. Furthermore, the treatment notes of Dr. Brown were included in the record on June 23, 2004 (R. at 183); thus, they were part of the record reviewed by Dr. Stockwell when he prepared his assessment on August 19, 2004. Dr. Stockwell noted that there was no specific opinion evidence in the record (R. at 290). Although Dr. Brown gave plaintiff a work release, he offered no opinion regarding plaintiff's lifting and carrying limitations, if any. The ALJ only gave controlling weight to the opinion of Dr. Brown that plaintiff "is able to work" (R. at 21).

Plaintiff was working as a tool grinder when Dr. Brown

---

[3]The ALJ erroneously stated that the work release was issued by Dr. Goodnight (R. at 21). However, a review of the medical records indicates that the medical record of October 19, 1999 cited to by the ALJ was part of the medical records of plaintiff's treating physician, Dr. Brown. The bottom of the treatment note of that date indicates that a copy of it was sent to Dr. Goodnight (R. at 190).

stated that "patient was given a work release" on October 19, 1999 (R. at 81). This job was performed by the plaintiff at a heavy[4] exertional level (R. at 565-566).[5] The ALJ indicated that plaintiff was laid off for non-disability reasons on December 10, 1999, plaintiff's alleged onset date of disability (R. at 21). Thus, the work plaintiff was performing at the time that Dr. Brown gave plaintiff a work release was work at a heavy exertional level. However, the ALJ's own RFC findings limit plaintiff to medium work. The ALJ therefore found that plaintiff, as of December 10, 1999, could not perform work at the heavy exertional level.

The ALJ's RFC findings, which limit plaintiff to medium work, were more limiting than work at the heavy exertional level, which plaintiff performed until December 10, 1999, but were less limiting than Dr. Stockwell's opinion in 2004 that plaintiff

---

[4]Heavy work involves lifting no more than 100 pounds with frequent lifting or carrying of objects weighing up to 50 pounds. 20 C.F.R. § 404.1567(d) (2009 at 393).

[5]In his decision, the ALJ erroneously stated that plaintiff performed the job at a light exertional level (R. at 21). There is a statement in the record indicating that the job of tool grinder is a medium job, but that plaintiff performed the job at a light level (R. at 152). However, at the hearing, the ALJ stated to the vocational expert (VE) that plaintiff testified that he did not perform the job at the light exertional level, and told the VE to "just delete that statement" (R. at 565). The VE then testified that plaintiff could not perform the job as he had previously performed it in light of plaintiff's testimony that he performed the work at the heavy exertional level, lifting over 50 pounds occasionally (R. at 566, 547-549).

could only perform light work.  The ALJ offered no explanation of how the evidence supported his finding that plaintiff can perform medium work, or how he resolved the material inconsistencies or ambiguities in the record on this issue.  Although the ALJ asserted that later medical evidence not available to Dr. Stockwell led him to make his RFC findings which were different than Dr. Stockwell's opinions, the ALJ did not cite to any later medical or other evidence to support a finding that plaintiff could perform medium exertional work.  When the ALJ has failed to comply with SSR 96-8p because the ALJ has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination.  Such bare conclusions are beyond judicial review.  Therefore, this case should be remanded in order for the ALJ to comply with SSR 96-8p.[6]

---

[6] In defendant's brief, the Commissioner argues that Dr. Stockwell's assessment was inconsistent, and was therefore less credible (Doc. 15 at 5-6).  However, this rationale for discounting Dr. Stockwell's decision was not made by the ALJ in his decision.  An ALJ's decision should be evaluated based solely on the reasons stated in the decision.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).  A decision cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action.  Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985).  A reviewing court may not create post hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision.  Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).  By considering legal or evidentiary matters not considered by the ALJ, a court risks violating the general rule against post hoc justification of administrative action.  Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).

In this case, the only medical evidence directly addressing plaintiff's physical RFC was not adopted by the ALJ.  Although the ALJ rejected the opinion of Dr. Stockwell that plaintiff is limited to light work, the ALJ did not cite to any other evidence, including medical opinions or records, in support of his finding that plaintiff could perform medium exertional work.  To the extent that there is very little medical evidence directly addressing plaintiff's RFC, the ALJ made unsupported findings concerning his functional ability.  Without evidence to support his findings, the ALJ was not in a position to make an RFC determination.  The ALJ's inability to make proper RFC findings may have sprung from his failure to develop a sufficient record on which those findings could be based.  Fleetwood v. Barnhart, 211 Fed. Appx. 736, 740 (10th Cir. Jan. 4, 2007).  Therefore, on remand, the ALJ must make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC.  Id. at 740-741.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set

---

Furthermore, the court should not engage in the task of weighing evidence in the first instance, Clifton v. Chater, 79 F.3d 1007 at 1009; Neil v. Apfel, 1998 WL 568300 at *3 (10th Cir. Sept. 1, 1998), but should review the Commissioner's decision only to determine whether his factual findings are supported by substantial evidence and whether he applied the correct legal standards.  Clifton, 79 F.3d at 1009.

forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on August 26, 2009.

                s/Gerald B. Cohn
                GERALD B. COHN
                United States Magistrate Judge